UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | ) | |
| MEAGHAN S. WATKINS | ) | CIVIL ACTION NO. |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| G & M TRADERS LLC D/B/A | ) | |
| G AND M AUTO SALES, | ) | |
|     Defendant | ) | |
| _____ ) | | MAY 5, 2017 |

## COMPLAINT

### I.  INTRODUCTION

1.     This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

### II.  PARTIES

2.     Plaintiff, Meaghan S. Watkins, is a consumer residing in West Haven, Connecticut.

3.     Defendant, G & M Traders LLC d/b/a G and M Auto Sales ("G&M Auto"), is a Connecticut limited liability company and is licensed to operate an automobile dealership at a location in Wallingford, Connecticut.

### III.   JURISDICTION

4.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640 and Fed. R. Civ. P. 18(a).

5.     This Court has jurisdiction over G&M Auto because it is located in Connecticut and is organized under Connecticut law.

6.     Venue in this Court is proper because all of the parties are located in this state.

## IV.     FACTUAL ALLEGATIONS

7.     Prior to January 19, 2017, G&M Auto advertised a 2008 Chevrolet Malibu Class (the "Vehicle") for a sale price of $2,995.

8.     On or about January 19, 2017, Plaintiff visited G&M Auto and she met with a salesman named "Sal".

9.     Sal showed the Vehicle to Plaintiff, and he told her he had received the Vehicle in trade and that the prior owner had put a brand new engine in the Vehicle at 100,000 miles and he told Plaintiff it would be like driving a car with only 85,000 miles on it.

10.    In reality, the Vehicle was a former fleet vehicle.

11.    G&M Auto did not disclose to Plaintiff that the Vehicle was a former rental or fleet vehicle, and she purchased the Vehicle unaware of its history.

12.    The Vehicle had a reduced value due to the prior history as a fleet vehicle.

13.    Based upon G&M Auto's representations about the Vehicle, Plaintiff agreed to purchase the Vehicle and she paid G&M Auto a deposit of $2,000.

14.    G&M Auto prepared a Purchase Order that listed a cash sale price of $3,682.00, an amount that was $687.00 more than the advertised sale price of the Vehicle.

15.   The Purchase Order listed a total "Cash Price Delivered" of $4,500.14, less the deposit of $2,000, and indicated an amount financed of $2,500.14.

16.   G&M Auto did not document the purchase in a retail installment sales contract and did not provide Plaintiff with any of the disclosures required under 15 U.S.C. § 1638.

17.   Plaintiff took delivery of the Vehicle on or about January 19, 2017, and when she got into the car she noticed the Vehicle's oil light was on.  G&M Auto told Plaintiff that the Vehicle needed two quarts of oil and instructed Plaintiff to bring the Vehicle back the following week for an oil change.

18.   As Plaintiff left G&M Auto and was driving the Vehicle towards her home, the Vehicle's tire warning light came on and the oil light began to blink.

19.   Plaintiff drove the Vehicle to a repair facility where she was told that the Vehicle's fluid levels were low and the oil was black.

20.   As Plaintiff was driving the Vehicle home, the check engine light came on.

21.   Plaintiff contacted Sal at G&M Auto and was instructed to bring the Vehicle in for service.

22.   On or about January 23, 2017, Plaintiff brought the Vehicle in to G&M Auto for service.

23.   G&M Auto told Plaintiff they replaced the Vehicle's oxygen sensor and a spark plug.  G&M Auto did not give Plaintiff a receipt, but it told Plaintiff that she would have to pay for labor at the rate of $45 plus costs for parts.

24.   Plaintiff left G&M Auto and soon thereafter the Vehicle's check engine light came back on.

25.   On January 30, 2017, Plaintiff brought the Vehicle to a repair facility for inspection and was told that they had detected engine codes which indicated an engine misfire and a catalyst system low efficiency, and that the Vehicle had a bad tie rod, and an oil seal leak in the transmission.

26.   Plaintiff returned the Vehicle to G&M Auto on or about February 8, 2017 and also complained that the engine was making a loud sound.

27.   G&M Auto told Plaintiff that the engine was misfiring and Sal told her he would get back to her about the "numbers" to repair the Vehicle.

28.   Before Plaintiff left G&M Auto, she noticed orange fluid coming from underneath the Vehicle, and she left the Vehicle at G&M Auto.

29.   On or about February 4, 2017, Sal of G&M Auto contacted Plaintiff and told her that the Vehicle needed a water pump at an estimated cost of approximately $1,300 to $1,500.

30.   G&M Auto told Plaintiff that it had made the repairs to the water pump and coolant, but it failed to give Plaintiff a receipt.

31.   Plaintiff retrieved the Vehicle from G&M Auto on or about February 16, 2017 but when she drove the Vehicle it was making a new sound.

32.   Plaintiff contacted G&M Auto again and brought the Vehicle back to the dealership.

33.   The Vehicle remains in the possession of G&M Auto.

34.   On April 6 2017, Plaintiff, by her attorney, sent written notice to G&M Auto that she had revoked acceptance of the Vehicle due to breaches of the implied warranty

of merchantability, or alternatively, elected to rescind the contract due to violations of RISFA.

35.    G&M Auto has failed or refused to refund to Plaintiff the $2,000 down payment plus the payments she made under the contract.

36.    Plaintiff has restored the defendant, as nearly as possible, to its pre-contractual position.

## V.  CAUSES OF ACTION

### A.  TRUTH IN LENDING ACT

37.    Plaintiff incorporates paragraphs 1 through 36.

38.    G&M Auto is a "Creditor" within the meaning of the Truth in Lending Act.

39.    G&M Auto regularly extends consumer credit in the sale of motor vehicles within the meaning of Regulation Z, 12 C.F.R. § 226.2(a)(17).

40.    G&M Auto failed to provide Plaintiff with the information required to be disclosed under 15 U.S.C. § 1638 of the Truth in Lending Act.

41.    G&M Auto also violated TILA by failing to provide Plaintiff with a copy of the Contract, which contained the required truth in lending disclosures, on the date the documents were signed in a form she could keep.

42.    The $687 additional charge for the Vehicle was an additional charge because Plaintiff had financed the purchase and was a finance charge within the meaning of TILA.

43.    G&M Auto is liable to Plaintiff for statutory damages of double the finance charge, but no less than $200 and no more than $2,000, plus attorney's fees and costs.

## B.  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

44.    Plaintiff incorporates paragraphs 1 through 36.

45.    This Count is asserted under Magnuson-Moss for breach of the implied warranty of merchantability, Conn. Gen. Stat. § 42a-2-314.

46.    G&M Auto is a "merchant" as that term is defined in Conn. Gen. Stat. § 42a-2-104.

47.    The Vehicle constitutes "goods" as that term is defined in Conn. Gen. Stat. § 42a-2-105.

48.    A warranty that the Vehicle was in merchantable condition was implied by law in the sale of the Vehicle to Plaintiff pursuant to Conn. Gen. Stat. § 42a-2-314.

49.    G&M Auto has breached the implied warranty of merchantability, because the Vehicle was not in merchantable condition at the time of sale to Plaintiff and was not fit for the ordinary purpose for which cars are used.

50.    Plaintiff revoked her acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608 and provided notice to G&M Auto.

51.    For G&M Auto's breach of the implied warranty of merchantability, Plaintiff is entitled to an order that she has validly and effectively revoked acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608, a refund of the $2,000 down payment, the payments that she has made to G&M (including the costs inappropriately allocated by G&M to repairs, plus attorney's fees and costs pursuant to MMWA, 15 U.S.C. § 2310(d).

## C.  RETAIL INSTALLMENT SALES FINANCE ACT
### (as an alternative to the revocation of acceptance claim)

52.   Plaintiff incorporates paragraphs 1 through 41.

53.   G&M Auto failed to document the installment purchase of the Vehicle in a retail installment sales contract as required by Conn. Gen. Stat. § 36a-771.

54.   Through its violations of TILA, as pled above, G&M Auto further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

55.   The Vehicle was returned to G&M Auto, thereby restoring G&M Auto to its condition prior to the contract, as nearly as possible.

56.   Plaintiff is entitled to a rescission of the contract due to the violations of RISFA and a return of the $2,000 down payment paid for the Vehicle plus the amounts paid under the Contract.

## D.  CONNECTICUT UNFAIR TRADE PRACTICES ACT

57.  Plaintiff incorporates paragraphs 1 through 36.

58.  G&M Auto have violated CUTPA as follows:

   a.    The violations of TILA and RISFA as aforedescribed;

   b.    The sale of the vehicle for more than the advertised price, a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1), which prohibits dealerships from failing to sell vehicles for the advertised price.

   c.    The misrepresentation of the history and condition of the Vehicle, a violation of Conn. Gen. Stat. § 42-225, a *per se* violation of Conn Agency Reg. § 42-

110b-28(b)(23), which establishes the violation of any state or federal regulation regarding the sale of motor vehicles as an unfair trade practice.

59.  Plaintiff has suffered ascertainable losses of money or property in that she lost her $2,000 down payment and the payments made on the Vehicle, and she has lost the use of the Vehicle.

60.  The defendant is liable to the Plaintiff for her actual damages plus punitive damages and a reasonable attorney's fee and costs.

Wherefore, Plaintiff claims actual damages, statutory damages damages of double the finance charge, but no less than $200 and no more than $2,000; punitive damage, and attorney's fees and costs; revocation of acceptance of the Vehicle or, alternatively, an order rescinding the contract, and a return of the down payment and amounts paid under the contract.

PLAINTIFF, MEAGHAN WATKINS

By: /s/ Daniel S. Blinn
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457